ALBERT L. HANSCOM, Respondent, *v.* MORTIMER HEN-
  DRICKS, Substituted in Place of the CONSOLIDATED
  STOCK AND PETROLEUM EXCHANGE OF NEW
  YORK, Appellant.

*Debtor and creditor — money deposited with a stock exchange on the transfer of
  membership therein.*

Under the rules of a stock exchange, upon the transfer of membership therein, it
  was required that a sum of money be deposited with the chairman of the
  exchange, from which was to be paid any amounts due to it, or to its members,
  and the balance of which was to be paid to the retiring member.

*Held,* that where a member of such exchange assigned his right of membership in
  payment of a pre-existing debt owing by him, and such assignee, for the purpose
  of obtaining a transfer of such membership, deposited the amount required by
  its rules with the chairman of the exchange, the balance of such deposit, after
  paying any amounts due to the exchange or its members, could not be taken
  by a judgment-creditor of the retiring member upon the assumption that it
  was the property of such judgment-debtor.

Appeal from a judgment, rendered at the New York Special
Term of the Supreme Court, upon a trial before the court, entered
in the New York county clerk's office September 17, 1888.   The
action was brought to recover a fund originally deposited with the
Consolidated Stock and Petroleum Exchange of New York.   By
an order of interpleader, the appellant, Mortimer Hendricks, was
substituted as defendant in place of the exchange, and the fund
was directed to be brought into court and placed to the credit of the
action.   The sum so deposited amounted to $934.

The complaint alleged that on or about November 25, 1887, the
plaintiff, Albert L. Hanscom, purchased from one Charles G. Wolff
a membership in the Consolidated Stock and Petroleum Exchange;
that Wolff had leased from one George W. Sutton a dwelling-house
in New York city, at an annual rent of $1,800; that a large portion
of the rent then due had not been paid; that rent for several
months would still have to be paid before the lease expired; that by
agreement with Sutton the membership was sold and transferred
to plaintiff in lieu of the rent, and in return for the use and occupa-
tion of the dwelling-house until the termination of the lease; that
by the rules of the said exchange plaintiff could not qualify as a

member, or obtain a transfer of the said membership unless a sum equal to its reasonable value was deposited by him with the exchange, for the purpose of enabling it to satisfy all claims which it or its members might have against the person selling the seat or the person to whom it was sold; that plaintiff deposited the sum of $1,075 with the exchange in compliance with said rules; that Wolff at the same time, for the purpose of notifying the exchange that he had no interest or ownership in the money so deposited, gave to the plaintiff a power of attorney directing the exchange to pay the sum so deposited to the plaintiff after the required deductions had been made, which power of attorney was filed with the exchange; that such deductions amounted to the sum of $126; that the balance due from said exchange amounted to $949, and that plaintiff was the owner of this sum then deposited in court. The substituted defendant, Mortimer Hendricks, by his answer denied any knowledge or information as to the facts above alleged, and further stated that on or about November 18, 1887, he recovered judgment against the said Charles G. Wolff for $2,164.79, upon which execution was duly issued and returned unsatisfied; that on January 9, 1888, he instituted supplementary proceedings against the stock exchange, and examined its president, Charles G. Wilson, who testified that he had received from the plaintiff the sum of $1,075, the proceeds of the sale of the membership owned by the said Wolff, and that the moneys so deposited were in the possession of the exchange to the credit of Wolff. Defendant alleged that the moneys so deposited were the moneys of Wolff and that any pretended transfer of the same was for the purpose of hindering and defrauding the defendant. Defendant prayed for a dismissal, making no demand for affirmative relief.

Upon the trial the following facts appeared: In February, 1887, one George W. Sutton, through Reuben Skinner, his general real estate agent, leased to Charles G. Wolff premises in New York, for a period commencing March 1, 1887, and ending May 1, 1888, at a rental of $1,800 a year, payable quarterly. Skinner collected the rents and acted as the agent of Sutton in all the transactions growing out of the lease. In November, 1887, Wolff owed Sutton about $450 for rent. Upon demand being made by Skinner, Wolff

stated that he was a member of the Consolidated Stock and Petro-
leum Exchange, and it was then agreed between Skinner, as Sutton's
agent, and Wolff, that this membership should be transferred to
Sutton as security for the payment of the rent on the said lease;
that until the expiration of the lease Wolff might redeem the mem-
bership by paying the rent due, and that in case Wolff failed to pay
the rent due at the expiration of the lease, the membership should
become the absolute property of Sutton.   Mr. Sutton was found to
be ineligible to membership in the exchange, being over fifty-five
years of age.   It was thereupon agreed between Skinner, as Sut-
ton's agent, and Wolff, that the membership should be transferred
to Hanscom, the plaintiff, for the same purpose and on the same
terms.   Skinner and Wolff went to the exchange to ascertain what
formal proceedings were necessary to carry out this agreement.
They were informed by the president and secretary that a deposit
of $1,075 would be required to meet the indebtedness of Wolff to
the exchange and its members.   That sum was fixed as the upset
price of the seat.

The rules of the exchange governing transfers of membership
are as follows: " Whenever any member of this association shall
desire to discontinue his membership and to name a successor, he
shall send a written communication to the chairman of the com-
mittee on membership, stating the fact, with an official nomination
of a successor, who shall pay to the chairman of the committee the
amount of the consideration for such nomination.   The money
deposited with the chairman shall be distributed by him in the fol-
lowing manner :   (1.) To the association, to the extent of any money
due it.   (2.) In payment *pro rata* of claims filed by members and
adjudged as valid.   (3.) The remainder, if any, to the retiring
member or his legal representative."   The nomination must be con-
firmed by the membership committee, and the person so admitted
must duly qualify and deposit the sum fixed as the upset price of
the seat sold before the membership will be transferred on the
books of the exchange.

The amount fixed as the value of Wolff's seat ($1,075) was loaned
by Sutton to the plaintiff Hanscom, who deposited it with the
exchange.   At the suggestion of the officers of the exchange, and
in order that the balance of the sum deposited, remaining after

the deductions required by the above rules, should be paid directly to Hanscom, a power of attorney, executed by Wolff and directing such payment, was lodged with the exchange. Hanscom passed the committee on admissions, duly qualified, and Wolff's seat was duly transferred to him on the books of the exchange. The amount of rent due at the expiration of Wolff's lease was $1,350, no part of which has been paid. Immediately after his election (about January 5, 1888) Hanscom made a demand for the balance of the moneys deposited, amounting to $949. In the meantime Mortimer Hendricks, the defendant, had obtained a judgment against Wolff and had instituted supplementary proceedings, serving a third party order upon the president of the exchange. In the course of his examination the deposit of the above sum was discovered, as was also the power of attorney making the same payable to the plaintiff. This action was then instituted, whereupon the exchange interpleaded the defendant Mortimer Hendricks, and the sum in question, less costs, was deposited in court.

Upon these facts the court below rendered judgment in favor of the plaintiff, from which defendant takes this appeal.

*Abram Kling*, for the appellant.

*Carter, Hughes & Cravath*, for the respondent.

BRADY, J. :

It will be observed from the statement of facts that this is an action to recover a specific fund of which the plaintiff claims to be the owner. This is disputed by the defendant, who asserts it to be the property of his judgment-debtor, and urges a lien by virtue of supplementary proceedings, an account of which is given in the statement. It is not, therefore, an action to reach a seat in the Consolidated Stock and Petroleum Exchange. The transaction out of which the controversy arises is one which was designed to secure to Mr. Sutton the rent which was due to him or would become due upon the expiration of the term for which Mr. Wolff had hired from him the premises he occupied. The statement seems to leave but little doubt about the ownership of the fund and the person to whom it should be paid. The evidence shows that

for the purpose of accomplishing the transfer of the seat of Wolff to the plaintiff, it was necessary to make a deposit of a certain amount of money, which is the sum in dispute here; and that sum was loaned by Mr. Sutton to the plaintiff who, for the time being, became the trustee of Sutton for the purpose of accomplishing the security for his benefit. It may be here observed that there can be no doubt upon the evidence that the transfer of the seat was intended to cover the entire amount of the rent which was due and might become due under the lease to Wolff. The money which was thus deposited was to be distributed by the chairman of the committee on membership in the manner indicated in the statement, and at the suggestion of the officers of the exchange, and in order that the balance, after the deductions required by the rules, should be paid directly to the plaintiff, a power of attorney was executed by Wolff directing such payment, and was lodged with the exchange. Immediately after the election of the plaintiff he made a demand for the balance remaining of the moneys deposited, which amounted to $949.

It is quite apparent that whatever interest Wolff had in the fund was transferred to Hanscom, and that whatever sum was to be paid by the exchange was by Wolff's direction to be paid to him. This was a part of the original transaction itself, and was for a specific purpose, which was accomplished by these details. The defendant presents no equity superior to that existing between Sutton and the plaintiff, even if it be necessary to consider the case in that aspect. But he has nothing whatever to do with those equities. The details of the transaction between Wolff and Sutton and the plaintiff are sufficient to show a special property in the money by the plaintiff quite sufficient to enable him to maintain the action. Whatever relations were created by it between the plaintiff and Sutton are matters between them with which the defendant has no right to interfere. The extent to which he is entitled to consideration is whether or not the fund which he seeks to have applied to the payment of his judgment belongs, either in whole or in part, to Wolff, his judgment debtor. It is quite clear that it does not, inasmuch as the rent exceeded the amount of the value of the seat.

For these reasons, without any more extended discussion of the various points raised by the respective counsel herein, the controversy

involving it may be said to be nothing more serious than a question of fact, the judgment should be affirmed.

Van Brunt, P. J., and Daniels, J., concurred in result.

Judgment affirmed, with costs.